496                TAYLOR *v.* PAUL.

# A. T. Taylor, Appellant, *v.* Mrs. Jean McLain Paul, G. W. Swan and D. W. Simpson.

*Sale—Assignment for creditors—Parol evidence.*

An assignment of property by an insolvent debtor, although absolute on its face, may be shown by parol evidence to have been intended to create a trust for creditors.

*Practice, C. P.—Charge of court—" Clear and satisfactory evidence."*

Where, even in the absence of special request for instruction, the court undertakes to instruct the jury as to the measure or quality of proof required having stated the rule by which the jury should be governed in determining the issue, error may be assigned if the true rule is not given. To instruct the jury that a fact must be established by the " weight of the evidence " is not equivalent to saying that it must be established " by clear and satisfactory evidence." The latter implies a higher degree of proof than the former.

*Husband and wife—Wife claiming against creditors—Burden and quality of proof.*

The property of a husband is not to be covered up or withheld from creditors upon equivocal suspicions or doubtful evidence of a wife's right to it. The family relation is such, and the probabilities of ownership so great on part of the husband, that a plain and satisfactory case should be made out before the wife can be permitted to hold property against honest creditors. The burden of proof is upon the wife claiming under such circumstances and such proof must be clear and satisfactory.


Argued May 3, 1897.    Appeal, No. 81, April T., 1897, by plaintiff, from judgment of C. P. Indiana Co., Sept. T., 1893, No. 32, in favor of defendants.    Before RICE, P. J., WILLARD, WICKHAM, REEDER, ORLADY and SMITH, JJ.    Reversed.

Interpleader.    Before WHITE, P. J.

An attachment execution was issued on a judgment obtained by A. T. Taylor against John K. Paul with a clause of sci. fa. to G. W. Swan and D. W. Simpson, partners trading as Swan & Simpson and summoned them as garnishee.    The sheriff was directed to attach $250 in the hands of Swan & Simpson.    Issue in the nature of an interpleader was awarded to determine the ownership of a certain chose in action.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for defendants.    Plaintiff appealed.

*Errors assigned* were (1) In charging the jury as follows: "This is a civil case, to be determined by the weight of the evidence." (2) In charging the jury as follows: "The question first to be determined is, were these notes actually assigned to Mrs. Paul prior to the service of the attachment on her; or, in other words, had she actually made an arrangement by which she in good faith had purchased these notes from T. S. McLain, who was the assignee of her husband, John L. Paul." (3) In charging the jury as follows: "If this was actually consummated, if she actually made the agreement to raise this money before the service of this attachment upon Swan & Simpson on the 9th and 10th of June, 1893, if she made the arrangement in good faith to raise the money, and actually did raise the money and execute it, although actual payments were not made until after the attachment, still it would be good." (4) In charging the jury as follows: "If it was not so, if McLain and Paul understood each other and it was an arrangement in fraud of creditors, and subsequently Mrs. Paul came in and the transaction between her and McLain was in good faith, that is, in good faith upon her part, she knew nothing about what may have been a fraud between Paul and McLain, if she had no notice of that and got these notes for value, that would be good; that would be good as between her and the plaintiff here." (5) In charging the jury as follows: "Paul testifies that the arrangement between him and McLain was that he was to raise the money to pay the insurance companies out as consideration for the transfer of these notes, so that the transfer of the agencies could be consummated to Swan & Simpson." (6) In charging the jury as follows: "But to make it valid there must have been an agreement made by McLain in good faith at that time that he would raise the money to pay it off. If that was so, then it would be a good transaction." (7) In charging the jury as follows: "Was this transaction consummated between Mr. Paul and Mr. McLain in good faith on the 5th of June, 1893? If it was, then Mr. McLain would be the owner of these notes."

*D. B. Taylor*, of *Jack & Taylor*, for appellant.—The issue framed by the court was to try "whether in fact Mrs. Paul holds the note by assignment," and second, "if she does, whether

such assignment is valid as against the plaintiff." Upon the appeal of this issue the court charged the jury, "this is a civil case to be determined by the weight of the evidence." This is not the established rule of evidence. Gamber v. Gamber, 18 Pa. 363, where it was held, "in the case of a purchase after marriage the burden is upon the wife to prove distinctly that she paid for it with funds which were not furnished by her husband:" Wilson v. Silkman, 97 Pa. 509; Kenney v. Good, 21 Pa. 349; Billington v. Sweeting, 172 Pa. 161; Jack v. Kintz, 177 Pa. 571.

It was the duty of the court to instruct the jury that the assignment under which Mrs. Paul claimed was an assignment for the benefit of creditors, and not having been recorded within thirty days was void as against this plaintiff : Wallace v. Wainwright, 87 Pa. 263; Johnson's Appeal, 103 Pa. 373.

*John N. Banks* and *Frk. Keener*, of *Watson & Keener*, for appellees.—It was incumbent on appellant setting up the fraud to establish it, at least, by the weight of the testimony : Morton v. Weaver, 99 Pa. 47; Young v. Edwards, 72 Pa. 257.

The appellant, not having requested the court to instruct the jury that the evidence of ownership must be established by clear and satisfactory testimony, cannot now complain about the charge of the court: Com. v. Goldberg, 4 Pa. Superior Ct. 142; Railroad Co. v. Getz, 113 Pa. 214.

Even if the question had been properly raised in the court below, the cases cited, to wit: Wallace v. Wainwright, 87 Pa. 263, and other kindred cases, would not support the contention of the appellant, as there is nothing on the face of the assignment from Paul to McLain to indicate that it was an assignment for the benefit of creditors, or that it was an assignment in trust for any purpose: Bank v. Carter, 38 Pa. 446; Uhler v. Maulfair, 23 Pa. 483.

OPINION BY RICE, P. J., February 19, 1898 :

On June 5, 1893, John L. Paul sold his insurance business and office furniture to Swan and Simpson and received in payment their three judgment notes dated June 1, 1893, payable as follows : $500, twelve days; $277.77 four months; $277.77, six months. Paul immediately assigned these notes to T. T. Mc

Lean, and on June 6th and 8th McLean assigned the two latter notes to Mrs. Paul, subject to a payment of a small sum that in the mean time had been made.

On June 9, 1893, A. T. Taylor issued an attachment execution upon a judgment against Paul and summoned Swan and Simpson as garnishees. They filed answers to interrogatories admitting their indebtedness upon the two smaller notes, less the payment made, and averring that they had been notified by Mrs. Paul that she owned the notes by assignments made before the service of the attachment.

The record as printed shows, that John L. Paul's attorney applied for and obtained a rule on the plaintiff to show cause why the attachment should not be dissolved, and that the plaintiff filed an answer. As this is not printed we have no means of knowing the grounds upon which he attacked the assignments to Mrs. Paul. The next step in the proceedings, as shown by the record, was the following order : "June 9, 1894, it is ordered that an issue be framed wherein A. T. Taylor shall be plaintiff, and Mrs. Jean McLain Paul, G. W. Swan and D. W. Simpson, defendants ; the questions to be tried are whether in fact Mrs. Paul holds the notes in controversy by assignment; second, if she does, whether such assignment is valid as against the plaintiff." The parties went to trial upon this issue, and from the judgment on the verdict in favor of the defendants the plaintiff has appealed to this court.

The case, as tried, was in fact, although not in strict technical form, an interpleader. The garnishees admitted the indebtedness, but being uncertain as to the ownership of the notes, and standing indifferent between the claimant and the attaching creditor, were entitled to protection against a double recovery. This might have been afforded by proceeding according to the practice in common law interpleader as described in Brownfield v. Canon, 25 Pa. 299, and followed in D., L. & W. R. R. Co. v. Hill, 10 W. N. C. 461. But whether or not any process was issued to bring in the claimant is immaterial; she voluntarily appeared and made no objection to the form of the issue, which was so framed as to raise the question as to her title generally. If for any reason the assignments to her were not valid as against the plaintiff, he was entitled to the fund in the garnishee's hands. The burden of proof was upon her, and she was bound to sus-

tain her title by the quality and quantity of proof required of a married woman who sets up title to property derived from her husband, as against his creditors.   As was said in Earl v. Champion, 65 Pa. 191, the language of the cases as to the quality of the proof required is rather an approximation than a definition; for the reason that it is difficult to define accurately that which is merely a mental operation, and to express with precision the degree of conviction forced upon the mind by evidence.   Nevertheless, it has been uniformly held whenever the question has been raised, that the wife must establish her title by a higher degree or quality of proof than is required of a stranger.   " In case of a purchase after marriage the burden is upon her to prove distinctly that she paid for it with funds which were not furnished by her husband.   Unless rigid proof of her title is always required, no one can calculate the amount of injustice which the act of 1848 will produce : " Gamber v. Gamber, 18 Pa. 363.   " Evidence that she purchased it amounts to nothing unless it be accompanied by clear and full proof that she paid for it with her own funds.   In the absence of such proof the presumption is a violent one that her husband furnished the means of payment : " Keeney v. Good, 21 Pa. 349 ; Rhoads v. Gordon, 38 Pa. 277 ; Wilson v. Silkman, 97 Pa. 509 ; Aurand· v. Schaffer, 43 Pa. 363.   She must prove her title " by clear and satisfactory evidence : " Hoar v. Axe, 22 Pa. 381.   " She must make it clearly appear that the means of acquisition were her own, independently of her husband : " Auble's Admr. v. Mason, 35 Pa. 261.   Mr. Justice THOMPSON, after a critical review of some of the earlier cases, held that it was going too far to charge the jury that " if you pause or doubt upon her evidence, your verdict should be given for the plaintiff," but conceded that the true rule was " that the proof by the wife must be clear and satisfactory, sufficient to repel all adverse presumptions : " Tripner v. Abrahams, 47 Pa. 220.   " We have said in many cases that the evidence must be clear and satisfactory— clear and full proof—clear and unequivocal—it must exclude reasonable suspicion that the property was the husband's.   These are but forms of expression to denote that the property of a husband is not to be covered up or withheld from creditors upon equivocal, suspicious or doubtful evidence of a wife's right to it.   The family relation is such, and the probabilities of owner-

ship so great on part of the husband, that a plain and satisfactory case should be made out before the wife can be permitted to hold property against honest creditors:" Earl v. Champion, 65 Pa. 191. " The proof for this purpose " (to show the wife's title as against her husband's creditors) " must be clear and satisfactory:" Duncan v. Sherman, 121 Pa. 520. " A man who is solvent may make a valid gift to his wife : Appeal of Hart, Lee & Co., 157 Pa. 200, but the fact of the gift, and every element necessary to sustain the claim of a married woman as against her husband's creditors, must be established by clear and satisfactory evidence:" Billington v. Sweeting, 172 Pa. 161. " These acts (1887 and 1893) enlarge the capacity of a married woman to contract, and to acquire and dispose of property, but they do not remove the burden which rests on her of proving title to the property she claims against her husband's creditors :" Jack v. Kintz, 177 Pa. 571. Nor, we may add, have they changed the rule as to the measure of proof: Shober v. Harrison Bros. & Co., 3 Pa. Superior Ct. 188–192.

But, it is argued that the plaintiff, not having requested the court to charge that the wife must establish her title by clear and satisfactory proof, cannot now complain. There would be force in this suggestion if the court had not undertaken to instruct the jury as to the measure or quality of proof required. But having stated the rule by which the jury were to be governed in determining the issue, error may be assigned if the true rule was not given. To instruct the jury that a fact must be established by " the weight of the evidence " is not equivalent to saying that it must be established " by clear and satisfactory evidence. The latter implies a higher degree of proof than the former: Coyle v. Commonwealth, 100 Pa. 573; Commonwealth v. Gerade, 145 Pa. 289.

Again, it is urged that " the evidence being clear and satisfactory the ownership of the notes would be determined by the weight of the evidence." But was the evidence of the facts essential to the claim of Mrs. Paul clear and satisfactory? Did she buy the notes out and out, or did she take them upon the same trusts as T. S. McLain? Assuming that she might have acquired a good title by the purchase of them upon her personal credit, was there such a purchase? In other words, were the notes transferred to her in consideration of a distinct and bind-

ing promise on her part made at the time of the assignments (or at least prior to the attachment), to pay her husband's indebtedness to the insurance companies? Is her own version of the transaction so clear upon this point as to admit of but one construction? The bare suggestion of these and other questions that fairly arose out of the evidence adduced by the defendants themselves shows the importance of having the jury distinctly and unequivocally instructed, that the facts essential to her claim of title must be established by clear and satisfactory evidence. After a very careful examination of the evidence, we feel warranted in saying that this is not a case where an erroneous statement of the rule as to the degree of proof can be treated as harmless error. Nor can we find that the error into which the court fell was cured in other portions of the charge. Therefore we are compelled to sustain the first assignment.

We shall not incumber this opinion with a recital of the testimony. Under no view of it can T. S. McLain be regarded as a purchaser for value. If however Mrs. Paul bought the notes in good faith, agreeing in consideration of the assignment to her to pay the indebtedness due to the insurance companies, the fact that part of the consideration was not paid until after the service of the attachment would not invalidate her title. If however they were transferred to her to be employed, converted or collected for the benefit of certain creditors of her husband, he being insolvent at the time, it is questionable whether she could set up title to them as against an attaching creditor. " None of the acts of assembly relating to assignments for the benefit of creditors have required that they should be drawn in any specific form. Such instruments were well known and in common use when the act of March 24, 1818, was passed, and neither before nor after its passage was any particular collocation of words held necessary to give to a writing the effect of an assignment. Since 1818 property transferred to one person to be employed, paid over or converted for the benefit of others has been regarded as property held in trust within the operation of the statutes : " Wallace v. Wainwright, 87 Pa. 263. It is due to the learned trial judge to say, that the point that the transaction was an assignment for the benefit of creditors and was void because not recorded within thirty days was not

raised or suggested on the trial of the case. Therefore we should not feel inclined to reverse the judgment because of his omission to instruct the jury as to the law upon that subject if the case were free from error upon the theory upon which the parties tried it. However, as the case must be retried, and as the point is now distinctly raised, it is proper to say that an assignment of property by an insolvent debtor, although absolute on its face, may be shown by parol evidence to have been intended to create a trust for creditors: York Co. Bank v. Carter, 38 Pa. 446–456. Whether this transaction was intended to create a trust, or was a bona fide purchase by Mrs. Paul was a question to be submitted to the jury under proper instructions, not only as to her good faith, but also as to the facts essential to a finding that she became the absolute owner of the notes and not a mere trustee for creditors. Any arrangement between her and McLain and her husband, whereby she did not become personally bound to pay the claims, but was only to use the notes for the purpose of raising money to pay them was ineffectual of itself to vest in her a title which would be good as against an attaching creditor, although such arrangement may have been entered into in entire good faith; and nothing that she might voluntarily do after the service of the attachment would perfect her title.

In view of the point now raised, the instructions complained of in the third, fourth, fifth, sixth and seventh assignments of error were scarcely adequate to compel a distinct finding by the jury as to whether the transfer to Mrs. Paul was a present sale for a sufficient consideration, or was an assignment in trust for creditors. Doubtless more precise and definite instructions would have been given if the point had been raised on the trial. This is all that we are called upon to say upon this feature of the case at this time.

The judgment is reversed and a venire facias de novo awarded.