## Hause *versus* Gilger, Administrator, &c., of Hause.

1. It is necessary that a wife should prove her right as a creditor of her husband with clearness. On this point there should be no doubt.

2. Where there is a balancing question as to whether the money alleged to have been lent by the wife to her husband came from her means or his, it is not error in the court to take the question from the jury.

ERROR to the Court of Common Pleas of *Northumberland county*.

This was an action of *assumpsit*, commenced March 3d 1862, by Elizabeth Hause against J. S. Gilger, administrator, &c., of A. W. Hause, deceased, husband of the plaintiff, for money alleged to have been lent by her to him in his lifetime. Hause had been convicted of counterfeiting and imprisoned for seven years. The evidence of the loan was in letters and declarations of Hause. In one letter to his wife he spoke of " the $135 you paid for me;" in another, " I will pay you all due debts and demands:" there was also an order to her to pay " Mrs. Tenbrook what money she wants to attend to obtain a pardon for me," with her receipt for " $15 on order." A witness testified that Mrs. Hause gave him " $135 or $150 on Hause's account." There was evidence that she paid other sums, which she claimed as her own, and when Hause was told of it, that he said it should be all right if he got out; and that he had borrowed sums of money from her. There was also evidence that Mrs. Hause had money of her own at the time of her marriage, and that there were other sources from which she might have derived money. It was also in evidence that she occupied a tavern and farm of her husband's whilst he was in prison, and that he had furniture and other personal property on the place. There was no evidence that Hause named a definite sum as his indebtedness to his wife.

The court (Jordan, P. J.) charged, that under all the evidence the plaintiff was not entitled to recover; and there being a verdict for the defendant, this was assigned for error.

*S. A. Savidge* and *W. C. Lawson*, for plaintiff in error, cited Kutz's Appeal, 4 Wright 94; Towers *v.* Hagner, 3 Wh. 48.

*J. W. Comly*, for defendant in error, cited Rhodes *v.* Gordon, 2 Wright 279; Walker *v.* Reamy, 12 Casey 410; Parvin *v.* Capewell, 9 Wright 89; Ritter *v.* Ritter, 7 Casey 396; Kutz's Appeal, 4 Wright 74.

The opinion of the court was delivered, February 8th 1866, by

AGNEW, J.—It was by no means clear upon the evidence how much Hause admitted that his wife had paid for him, or that the payments were by way of loan. But conceding there was some evidence on these points to go to the jury, it was very uncertain

[Hause *v.* Gilger.]

from what source the money came. There is no direct evidence that it came from her separate estate. It is quite as probable, so far as we can discover, it came. from the avails of the business carried on by her husband, and afterwards by herself, during the seven years he lay in prison. On the evidence it was really only a balancing question, whether it came from her means or his. But on this point there should be no such doubt. It is necessary for the peace of families and the protection of estates, that one standing in the confidential relation of a wife should prove her right as a creditor with clearness. In such a case, especially where the husband leaves children by a former marriage, it will not do to permit her to gather up loose declarations and equivocal expressions—often no more than the language of affection or of mere intention—and to ask a jury to infer doubtingly; but she must show by distinct and clear proof, that the transaction was a loan from her own separate estate, and not that of her husband, or of the avails of her labour which belonged to him.

We cannot say the learned judge erred in taking the case from the jury, and the judgment is therefore affirmed.