James H. Billington, Appellant, *v.* T. Henry Sweeting.

Nancy P. Munson *v.* T. Henry Sweeting.

Elmira M. Sweeting *v.* T. Henry Sweeting.

*Judgment—Husband and wife—Fraudulent confession of judgment—Evidence.*

A husband who is solvent may make a valid gift to his wife, but the fact of the gift and every element necessary to sustain the claim of the married woman as against her husband's creditors, must be established by clear and satisfactory evidence: Appeal of Hart, Lee & Co., 157 Pa. 200; Wilson et al. v. Silkman, 97 Pa. 509.

In a proceeding to determine the validity of a judgment confessed by a defendant in an execution to his wife, the defendant testified that at the time of his marriage he owned certain stock, which after his marriage he gave to his wife; that a few months later she returned it to him; that he

sold it for the sum for which judgment was confessed, and used the money for twelve years in his business without accounting on his part or claim on the part of his wife. The only corroborative proof was the testimony of defendant's wife and mother-in-law, who testified as to the fact of the gift. They did not testify that the stock was anything more than a paper purporting to be such stock; they did not testify to the alleged sale of it by him, nor to the price obtained for it. The auditor found that the defendant's testimony was unworthy of credit. *Held*, that the testimony of the other two witnesses was insufficient to corroborate the defendant upon any question relating to the sale of the stock or the price obtained for it, and that it was insufficient to sustain the validity of the judgment.

Argued Jan. 10, 1895. Appeal, No. 60, July T., 1894, by plaintiff from order of C. P. No. 3, Phila. Co., June T., 1892, Nos. 1028, 975 and 976, dismissing exceptions to auditor's report. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Exceptions to auditor's report distributing the funds in court arising from the sheriff's sale of the personal property of defendant.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in dismissing exceptions to auditor's report.

*Amos Briggs*, for appellant.—Mrs. Sweeting and Mrs. Munson were not mere innocent acceptors of judgments fraudulently confessed, but they were active participators in consummating the fraudulent scheme which the learned auditor has reported that Mr. Sweeting concocted to cheat the appellant: Bunn v. Ahl, 29 Pa. 387.

Not crediting Mr. Sweeting, there is not a word as to the amount received from the sale of the stock, and yet the learned auditor has augmented the judgment $8,650 on account of it.

In cases like this it has always been held that to sustain the claim of a member of the family against bona fide creditors the evidence must be clear and convincing: Gamber v. Gamber, 18 Pa. 363; Keeney v. Good, 21 Pa. 349; Gault v. Safin, 44 Pa. 307; Wilson v. Silkman, 97 Pa. 509.

*Ormond Rambo*, for appellee. A husband honestly indebted

to his wife and other creditors, may lawfully confess judgment in favor of his wife: Wingerd v. Fallon, 95 Pa. 184; Watch Co., v. Bedillion, 131 Pa. 385; Werner v. Zierfuss, 162 Pa. 360.

When there is an actual debt, the jury cannot be permitted to infer fraudulent intent from the mere fact of payment or preference given to it: Bear's Est., 60 Pa. 430.

A debtor may confess a judgment to protect his surety from loss: Wolf v. Kohr, 133 Pa. 19; Miller v. Howry, 3 Pen. & W. 374; Stewart v. Stocker, 1 Watts, 135; Ardesco Oil Co. v. North American Mining & Oil Co., 66 Pa. 375.

OPINION BY MR. JUSTICE WILLIAMS, January 6, 1896:

The contention of the appellant in the court below was that the judgment under which the wife of the defendant claimed the bulk of the fund in court was fraudulent. The facts shown by the report of the learned auditor are that Sweeting was conducting a large business in bicycles in the city of Philadelphia for some years prior to the 28th of July, 1892. Finding himself, as he says, unable to pay his debts, he disclosed his situation to his wife and her mother who lived with them, and after a day or two of consideration an attorney was consulted. The result was that judgment notes payable one day after date were executed by Sweeting in the following order: To his wife for about twelve thousand dollars; to her mother for about eleven thousand dollars; to Ann Slover for about four thousand dollars; to James H. Billington, the appellant, for four thousand two hundred and fifty dollars, for money borrowed some three years before. On the next day judgment was entered upon all these notes at the instance of Sweeting, and writs of fieri facias were issued and placed in the hands of the sheriff so as to secure priority in the order above named. Upon these writs the stock and personal goods of the defendant were sold and the proceeds are insufficient to pay all the writs. Billington cannot be reached if the previous writs are entitled to be paid in full. He accordingly attacked the judgments of Mrs. Sweeting, and her mother, Mrs. Munson, before the auditor, who found that only four thousand seven hundred dollars was due to Mrs. Munson, but sustained the judgment of Mrs. Sweeting for the amount named in the note. Whether his conclusion upon this question is supported by the facts found by the auditor is the

question now raised.   Mrs. Sweeting alleges that her judgment represents two items of indebtedness.   One is for money loaned to her husband out of her separate estate, amounting to twenty-four hundred dollars.   The other is for the sum of eight thousand six hundred and fifty dollars claimed to be the proceeds of a sale of one hundred and fifty shares of American Chain Company stock.   This stock originally belonged to the defendant. The story told to establish the right of his wife to this sum of money as its proceeds is, that in 1880, at the time of her marriage, her husband gave her this stock; that a few months later she returned it to him; that he sold it for the sum named, and used the money for twelve years in his business without accounting on his part, or claim on the part of his wife.

A man who is solvent may make a valid gift to his wife: Appeal of Hart, Lee & Co., 157 Pa. 200, but the fact of the gift and every element necessary to sustain the claim of a married woman as against her husband's creditors, must be established by clear and satisfactory evidence: Wilson et al. v. Silkman, 97 Pa. 509.   If the evidence of Mrs. Sweeting and her mother should be regarded as sufficient to support a finding that the Chain Company stock was given to Mrs. Sweeting and returned by her to her husband in 1880, and that he thereby became debtor to her for its value, what have we to show its value ? Sweeting was secretary of the Chain Company and had the custody of its books and papers.   These have all disappeared. Nothing remains of the company.   Its stock is without value. The ownership of the stock by Sweeting in the first instance, the alleged sale of it by him, the price obtained for it, depend on his uncorroborated testimony.   His purpose to defraud the appellant and others of his creditors was so apparent, and his testimony was so unsatisfactory, that the auditor found it to be unworthy of credit; and he would have rejected this part of the claim but for what he characterizes as a " very fortunate " circumstance for her, viz, the fact that her own testimony and that of her mother support " what is the crucial part of the case." The crucial part of her case related to the sale of the stock and the price received for it, and upon neither of these subjects, as we understand the report of the auditor, and so much of the evidence as is before us, did either Mrs. Sweeting or Mrs. Munson profess to have any knowledge whatever.   If full

credence be given to their testimony it goes no further than to establish the fact that a paper purporting to be stock of the American Chain Company was given by Sweeting to his wife at or soon after their marriage, and that it was returned to him on their return from their bridal tour. So far as the testimony shows, if that of Sweeting be left out, he may have the stock, if stock it was, at this time. He may never have received one farthing from it, or been able at any time since its return to him to dispose of it at any price. We cannot see how upon the auditor's view of the case, and of the unreliable character of the testimony of Sweeting, we can do otherwise than hold that he was mistaken in his view of the effect of the testimony of Mrs. Sweeting and her mother, and in his conclusion that their testimony corroborated that of the defendant upon any question relating to the sale of the stock or the price obtained for it. The case of Mrs. Sweeting, as the auditor well said, is surrounded by "circumstances of suspicion;" and the evidence relied on to show the sale of stock in a company of which no trace remains, for nearly nine thousand dollars in cash, and its receipt and retention by the defendant, falls far below the standard required by Wilson et al. v. Silkman, supra, and Kingsbury v. Davidson, 112 Pa. 380. The bona fides of the claim for twenty-four hundred dollars does not seem to be questioned. The judgment may stand for that sum under the authority of Gicker v. Martin, 50 Pa. 138, and for that sum only it is entitled to participate in the fund. The report is now modified by reducing the sum allowed on the writ in favor of Mrs. Sweeting to twenty-four hundred dollars, and the record is remitted that the court may revise the decree of distribution accordingly.