## Dalley's Assigned Estate.

*Husband and wife—Wife as creditor of husband—Fraud—Evidence.*

Fraudulent collusion between husband and wife is so easy of execution and so difficult of proof that it is the well settled rule that a wife claiming as a creditor against other creditors of the husband, must prove her claim by evidence clear and satisfactory to a degree beyond that required of other creditors, and leave no doubt of its good faith and its truth in fact.

*Auditor—Finding of auditor—Review—Husband and wife.*

An auditor's finding of fact confirmed by the court below to the effect that a judgment was entered by a husband in favor of his wife at a time subsequent to the creation of the debt, and collusively and in fraud of other creditors, will not be reversed except for clear error.

Argued March 18, 1901. Appeal, No. 245, Jan. T., 1901, by William M. Bear, Administrator, from judgment of Superior Court, Feb. T., 1900, No. 4, reversing decree of C. P. Lycoming Co., Sept. T., 1897, No. 92, confirming auditor's report in The Matter of the Account of Anson Underwood, Assignee for

Creditors of Jonathan Dalley.    Before McCollum, C. J.,
Mitchell, Fell, Mestrezat and Potter, JJ.    Reversed.

Appeal from Superior Court.
The case was reported in 13 Pa. Superior Ct. 506.
From the record it appeared that the auditor, Frank P. Cummings, Esq., after discussing the evidence concluded his report
as follows:
"From all the evidence before him, the auditor is satisfied,
and so finds, that the confession of the judgment by Jonathan
Dalley to his wife, A. C. Dalley, was made in 1896, at or near
the time the note was entered of record; that the same was
fraudulent and collusive between Jonathan Dalley and A. C. ·
Dalley, the claimant, and was made and entered in fraud of
creditors of Jonathan Dalley.   For these reasons the claim is
postponed to that of Mary High, Rachel Curts and William
Bear, administrator, in point of priority of lien, upon the fund
for distribution."
The court below in an opinion by Mayer, P. J., specially
presiding, sustained the auditor's report.   The Superior Court
in an opinion by W. W. Porter, J., (W. D. Porter, J., dissenting,) reversed the order of the court of common pleas.

*Error assigned* was in reversing the order of the court of
common pleas.

*George A. Brown*, for appellant.—The auditor found the facts
against the appellee and the court below approved the auditor's
findings and dismissed the exceptions to the report.   The Superior Court ought not to have disturbed the decree : Nauman's
App., 116 Pa. 505 ; Fessenden's Est., 170 Pa. 631 ; Huckestein
& Co. v. Kaufman & Bros., 173 Pa. 199 ; Kittel's Est., 32 W. N.
C. 517; Shaw's App., 188 Pa. 590; Lantner v. Kann, 184 Pa.
334; Becker v. Yeager, 1 Pa. Superior Ct. 107 ; Werner v.
Zierfuss, 162 Pa. 368; Wendt's Est., 14 Pa. Superior Ct. 644;
Wolf v. Augustine, 197 Pa. 367 ; Stocker v. Hutter, 134 Pa.
23 ; Bannon v. Bank, 14 Pa. Superior Ct. 566 ;. Shimp's Assigned Est., 197 Pa. 128 ; Platt-Barber Co. v. Groves, 193 Pa.
475 ; Brotherton Bros. v. Reynolds, 164 Pa. 134.

*William R. Peoples*, for appellee.

OPINION BY MR. JUSTICE MITCHELL, July 17, 1901:

Fraudulent collusion between husband and wife is so easy of execution and so difficult of proof that it is the well settled rule that a wife claiming as a creditor against other creditors of the husband must prove her claim by evidence clear and satisfactory to a degree beyond that required of other creditors, and leave no doubt of its good faith and its truth in fact: Hause v. Gilger, 52 Pa. 412; Lahr's Appeal, 90 Pa. 507.

Cases like the present, therefore, are peculiarly within the general rule that the findings of fact of an auditor who saw and heard the witnesses, confirmed by the court below, will not be reversed except for clear error. The claim of the wife was for a debt of long standing, but evidenced by a note admittedly of later execution. The wife never had the note in her possession and testified that she never knew of it until her husband told her he had entered it as a judgment. This she testified was in 1892, but the indisputable proof was that it was in 1896. The husband could not say whether he made the note in 1892 or in 1896 and antedated it. It was shown clearly that in 1896 he was acting fraudulently towards some at least of his creditors.

The auditor found that the testimony in regard to the claim was very conflicting and contradictory; that the claimant testified either recklessly or dishonestly; and that while the money had in fact passed from the wife to the husband yet the judgment was entered at a subsequent time collusively and in fraud of the other creditors. He, therefore, disallowed the claim, and the court on a review of the evidence confirmed his report. We are of opinion that the weight of the evidence is in favor of the auditor's view, but without regard to that, the case is clearly one in which an auditor's finding confirmed by the court should not be disturbed.

The judgment of the Superior Court is reversed, and the judgment of the common pleas affirmed. Costs of the whole appeal to be paid by A. C. Dalley, appellant in the Superior Court.