## Longbottom, Trustee, Appellant, *v.* Emery et al.

*Insurance—Life insurance—Assignment — Husband and wife— Assignment of policy to wife—Bankruptcy—Creditors—Burden of proof—Presumptions—Trustee—Cash surrender value of policy— Recovery.*

1. The payment of premiums by the insured does not affect the title of the assignee of the policy.

2. A wife claiming property acquired during coverture against her husband's creditors is required to substantiate her claim by proof sufficient to repel all adverse presumptions, but the law does not require proof of such character as to relieve every doubt but only proof that is clear and satisfactory. A mere doubt will not operate to defeat the wife's claim.

3. In a suit in equity brought by a trustee in bankruptcy against a bankrupt, his wife and an insurance company, to compel payment to plaintiff of the cash surrender value of a life insurance policy issued by the insurance company to the bankrupt and assigned by him to his wife, it appeared that the policy was issued in March, 1901, to the insured; was assigned June 22, 1901, to his wife; was endorsed back on November 29, 1909, to the executors, administrators and assigns of the insured; and was again endorsed on March 28, 1912, to the wife of assured, if living; and if not, to the executors, administrators and assigns of the assured; that the policy contained a provision giving the assured the power at any time to change the beneficiary by filing with the society a written request to that effect and complying with certain other requirements; that in May, 1901, the wife of the assured had mortgaged certain real estate owned by her for $9,000, which she had loaned to her husband; and that the policy was issued as security for such loan; that it was reassigned to the husband that he might use it as collateral security and that it was subsequently released and reassigned to the wife. There was nothing to show that, at the time of the first assignment, defendant was insolvent; or that any of his creditors at the date of his bankruptcy in 1912 were creditors at the time of the first assignment; nor was there proof that the property mortgaged was not the property of the wife. *Held,* the lower court properly dismissed the bill.

164    LONGBOTTOM, Appellant, *v.* EMERY et al.

Argued Feb. 12, 1918.    Appeal, No. 138, Jan. T., 1917, by plaintiff, from decree of C. P. No. 3, Philadelphia Co., Dec. T., 1915, No. 4302, dismissing bill in equity, in case of Albert S. Longbottom, Trustee in Bankruptcy of the Estate of John W. Emery, v. John W. Emery, Ida W. Emery et al.    Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ.    Affirmed.

Bill in equity to compel payment to plaintiff of the cash surrender value of an insurance policy.    Before McMICHAEL, J.

The opinion of the Supreme Court states the facts.

The court on final hearing dismissed the bill.    Plaintiff appealed.

*Error assigned* was the decree of the court.

*Wm. Potter Davis, Jr.,* and *Samuel W. Cooper,* with them *Robert J. Byron* and *Stanley Williamson,* for appellant.—The wife was not a bona fide holder of the policy and was therefore not entitled to the surrender value: Gamber v. Gamber, 18 Pa. 363; Keeney v. Good, 21 Pa. 349; Walker v. Reamy, 36 Pa. 410; Baringer v. Stiver, 49 Pa. 129; Bowers' App., 68 Pa. 126; Earl v. Champion, 65 Pa. 191; Taylor v. Paul, 6 Pa. Superior Ct. 496; Rhinesmith's Case, 25 Pa. Superior Ct. 300; Hilton v. Liebig Mfg. Co., 59 Pa. Superior Ct. 460; Jack v. Kintz, 177 Pa. 571; Hunter v. Baxter, 210 Pa. 72; Heigs v. Pifer, 224 Pa. 628.

*J. Washington Logue,* for Ida W. Emery, appellee, with him *C. Stanley Hurlbut,* for John W. Emery, appellee.—The wife was clearly the holder of the policy for value under an equitable assignment from her husband.

*George Douglas Hay* and *Thomas DeWitt Cuyler* filed a paper book for The Equitable Life Assurance Society of the United States, appellee.

OPINION BY MR. JUSTICE POTTER, April 22, 1918:

This bill in equity was filed by the trustee in bankruptcy of the estate of John W. Emery, against John W. Emery, Ida W. Emery and the Equitable Life Assurance Society of the United States.  It is averred in the bill that the defendant, John W. Emery, has been adjudicated a voluntary bankrupt, and that plaintiff was duly appointed his trustee; that the bankrupt included in the schedule of his liabilities and assets a policy of insurance on his life, issued March 3, 1901, by the defendant society, which was assigned June 22, 1901, by him to his wife, the defendant, Ida W. Emery, and which now has a cash surrender value of $3,530.  This policy was originally made payable to Emery's executors, administrators and assigns, was endorsed over by him to his wife as stated, was endorsed back on November 29, 1909, to his executors, administrators and assigns and was again endorsed, on March 28, 1912, to his wife, if living, and, if not, then to his executors, administrators and assigns.  The policy contained a provision giving the assured the power at any time to change the beneficiary by filing with the society a written request to that effect and complying with certain other requirements.  Plaintiff denied that Ida W. Emery was the owner of or had any interest in the policy and averred that he had demanded from the bankrupt the delivery of the policy or the payment of the amount of its cash surrender value, but the bankrupt refused to comply with his demand, contending that the policy, with all its rights, belonged to his wife.

Plaintiff prayed for a mandatory injunction commanding the defendants, John W. Emery and Ida W. Emery, to turn over to him the policy of insurance, and requiring the defendant society, which held the policy as collateral security for a premium loan, to turn over to plaintiff the policy, or its cash surrender value.  He also prayed that defendants be enjoined from assigning the policy or receiving or paying its cash surrender value.

The answers of defendants set up that Ida W. Emery held the policy as security for a loan of $10,000, made by her in 1901 to her husband, and that it was her sole and separate property and her husband had no interest whatever in it.    The court below dismissed the bill, and plaintiff has appealed.    His counsel have filed one hundred and eleven assignments of error, most of them to the dismissal of exceptions to the adjudication.    The eighth and ninth assignments are to the final decree, and as the questions raised by this appeal may be considered under these assignments, it is unnecessary to consider the others in detail.

The issues involved are essentially questions of fact. The substance of the findings of fact by the trial judge is stated by him as follows: "Ida W. Emery was the wife of John W. Emery, and was the owner of real estate in Atlantic City, New Jersey.    There is no testimony that this real estate was derived from her husband.    In May, 1901, John W. Emery borrowed from Ida W. Emery the sum of nine thousand dollars, or a little less, and this policy of $10,000 was issued to John W. Emery, and on the 22d of June, 1901, the policy was endorsed as payable to Ida W. Emery, wife of the assured, if living; if not, then to the assured's executors, administrators or assigns.    Ida W. Emery mortgaged her real estate in Atlantic City for the sum of $9,000 less charges, and the money was handed over to John W. Emery.    Subsequently, the policy of insurance was reassigned by Ida W. Emery to John W. Emery, that he might use it as collateral security.    And, subsequently thereto, the policy was released and the assignment returned to her, and on March 28, 1912, the policy was endorsed in compliance with the written request of the assured, duly acknowledged, and 'it is hereby declared that the amount due at the death of the assured shall be payable, not to the beneficiaries hereunto designated, but to the assured's wife, Ida W. Emery, if living, and if not, then to the assured's executors, administrators or assigns; the

other conditions and requirements remaining unchanged.' And immediately thereafter the policy was handed back to Ida W. Emery and remained in her control until after John W. Emery was adjudicated a bankrupt. The petition in bankruptcy filed by John W. Emery was under date of March 27, 1915." These findings of fact are supported by the evidence. It appears, therefore, that as Mrs. Emery gave a valuable consideration for the policy, her title to it is good, and her husband's trustee in bankruptcy has no valid claim upon it. The fact that on two occasions she loaned the policy to her husband for the purpose of raising money, can make no difference, for in 1912, three years before the adjudication in bankruptcy, it was reassigned to her.

The payment of premiums by her husband would not affect Mrs. Emery's title to the policy: Malone's App., 38 Leg. Int. 303, affirming Malone's Est., 13 Philadelphia 313, 8 W. N. C. 179. In that case, PENROSE, J., in an opinion adopted by this court, said (p. 316) : "It is immaterial therefore that the premiums were in some instances paid by the [husband's] firm. Such payments could only make the firm a creditor to the amount advanced and would give no interest in the policy itself."

In the present case there is no evidence whatever to show that John W. Emery was insolvent, either when his wife acquired the Atlantic City property, or, in 1901, when she mortgaged it for his benefit and he made her the beneficiary of the insurance policy on his life. Nor does it appear that any of his creditors at the date of his bankruptcy in 1912 were creditors in 1901 or prior thereto. The cases cited by counsel for appellant in their argument, to the effect that, where a married woman claims property acquired by her during coverture, the burden is upon her, as against her husband's creditors, to substantiate her claim by proof that is clear, full and satisfactory, relate only to creditors whose rights had accrued at the time she acquired title, and not to those whose rights accrued many years thereafter. In the lat-

est of the cases cited, Heiges v. Pifer, 224 Pa. 628, it was said, per curiam (p. 629) : "It is an established rule of evidence that a wife claiming property acquired during coverture against her husband's creditors is required to substantiate her claim by proof sufficient to repel all adverse presumptions.  But the law does not require proof of such a character as to relieve every doubt but only proof that is clear and satisfactory.  A mere doubt will not operate to defeat the wife's claim."

In the present case, evidence that there was a lapse of some fourteen years between the time when Mrs. Emery acquired title to the insurance policy, and the adjudication in bankruptcy, is strongly persuasive of the validity of her claim.

The assignments of error are overruled, the decree of the court below is affirmed, and this appeal is dismissed at the cost of appellant.