## Peoples Savings & Dime Bank & Trust Co. *v.* Scott et al.

Argued January 27, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART and SCHAFFER, JJ.

*William J. Fitzgerald,* of *Kelly, Balentine, Fitzgerald & Kelly,* for appellants.—Money received by a husband from his wife are presumed to be loans and not gifts: Hawley v. Griffith, 187 Pa. 306; Jamison's Est., 183 Pa. 219; Thompson v. Allen, 103 Pa. 44; Cameron v. Bank, 297 Pa. 551; Longbottom v. Emory, 261 Pa. 163.

The conveyance did not render Scott insolvent: Shoe Co. v. Trade Commissions, 280 U. S. 291; Cameron v. Bank, 297 Pa. 551; Hertzler v. Nissly, 295 Pa. 62.

The decree is not justified by the pleadings and the evidence: Wilkinshaw's Est., 275 Pa. 121; Nolan v. Nolan, 218 Pa. 135; Harlan v. Maglaughlin, 90 Pa. 293.

*R. L. Levy,* for appellee.—That a voluntary conveyance to a wife at a time when the husband is indebted is presumptively fraudulent as to a creditor has been the settled law of Pennsylvania for a very long time: Woolston's Est., 51 Pa. 452; Seiple v. Seiple, 133 Pa. 460; Shaver v. Mowry, 262 Pa. 386; American Trust

Co. v. Kaufman, 287 Pa. 461; Seiple v. Seiple, 133 Pa. 465.

There is no evidence on the record proving a transfer in consideration of an indebtedness.

The decree of the learned chancellor was correct: Ammon's App., 63 Pa. 284; Kehr v. Smith, 87 U. S. 31.

OPINION BY MR. JUSTICE WALLING, April 13, 1931:

In May, 1926, the defendant, Edward B. Scott, conveyed a house and lot in Scranton to his wife, Mary G. Scott, also a defendant, the title passing through the name of a third party. At the time, Scott's liabilities, partly contingent, amounted to approximately $11,000, four thousand of which was as endorser on notes held by the plaintiff bank. Both under the general law (12 R. C. L. 498) and under the statute (see Act of May 21, 1921, P. L. 1045, 1046, concerning Fraudulent Conveyances, etc.) a contingent liability has the same status as one that is fixed. Some seven months later, his indebtedness to the bank was increased $9,000 by other endorsements. His liability on these endorsements, amounting in all to $13,000, became absolute and he proving insolvent, plaintiff filed this bill in equity to have its indebtedness charged upon the house and lot, which, subject to an encumbrance, was valued at $18,000. The case was heard upon bill, answer and testimony. Plaintiff's contention, sustained by the trial court was, that, owing to Scott's financial condition, the conveyance to the wife, reciting a consideration of one dollar, was a legal fraud upon his creditors. From the final decree granting plaintiff the relief prayed for, defendants have appealed.

The case turned largely on questions of fact, as to which we are not satisfied the trial court erred. It exonerated the defendants from any actual fraud but held they had not met the burden of establishing the validity of the transfer as against his creditors. Scott being indebted when he made the transfer, the burden was upon

the wife to establish the validity of her title by clear and satisfactory evidence, beyond that required of other creditors: Butterworth v. Wells et al., 303 Pa. 302; American Trust Co. v. Kaufman, 287 Pa. 461; Dalley's Assigned Est., 200 Pa. 140; see also Longbottom, Trustee, v. Emery et al., 261 Pa. 163; Heiges v. Pifer, 224 Pa. 628. A wife relying upon a gift from her husband must show that at the time his liabilities were not out of proportion to his assets: Shaver v. Mowrey et al., 262 Pa. 381.

If Scott was solvent when he made the transfer to his wife, aside from the property transferred, it was valid regardless of consideration: Buckwalter Stove Co. v. Edmonds, 283 Pa. 237; Guarantee B. & L. Assn. v. Thomas, 207 Pa. 513; Billington v. Sweeting, 172 Pa. 161; Thompson v. Allen, 103 Pa. 44. But where the husband is in debt at the time of the transfer the burden is upon the wife to show his solvency, or that she paid full consideration. See Woolston's Est., 51 Pa. 452. It was shown by the defendants that in May, 1926, Scott was largely interested in coal mines and coal mining and had nominal assets far greater than his liabilities; but the protracted anthracite coal strike, ending in February, 1926, had greatly crippled the industry, so that his mining interests and operations collapsed and soon he had nothing left to satisfy his creditors. Notwithstanding his show of property, we are not convinced that, after transferring the house and lot to his wife, Scott was in reality able to pay his creditors, although he doubtless believed he was solvent. The trial court found that Scott was not about to enter into any hazardous business so as to render the conveyance fraudulent as to future creditors.

After the decree nisi was filed, the defendants amended their answer so as to aver that Mrs. Scott paid full value for the property, the evidence having embraced that feature of the case. She had an estate of her own consisting, inter alia, of stocks, real estate, etc., from which

she derived an income. About 1901 and 1902 Mr. Scott was in ill health and she checked out in her own name large sums in defraying living and household expenses. It was not clearly shown, however, that it was her own money, and there was no proof that it was on the basis of a loan to the husband. Money expended by a wife for the benefit of the home, of which she is a member, cannot be recovered from the husband in the absence of some understanding as to repayment: Hauer's Est., 140 Pa. 420; Hinney v. Phillips, 50 Pa. 382; Johnston v. Johnston's Administrator, 31 Pa. 450. Furthermore, there was no proof that she bought the property in question from her husband or that she received it in satisfaction of an indebtedness. The nominal consideration stated would be a slight circumstance to the contrary. It was shown that she had $1,000 in the property and the decree protects her interest to that extent. This was made as provided by clause 2 of section 9 of the Uniform Fraudulent Conveyance Act (supra), P. L. 1047: "A purchaser who, without actual fraudulent intent, has given less than a fair consideration for the conveyance or obligation may retain the property or obligation as security for repayment." This accords with the general rule in equity. See 14 Am. & Eng. Enc. of Law (2d edition), 299. The trial court found that except as to the $1,000 Mrs. Scott had failed to show by the clear and satisfactory evidence required in such case any interest in the property as against the rights of existing creditors.

Section 9, clause (a), of the act above cited (P. L. 1047), also provides that in such case the creditor may "Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim." And that was the order made by the trial court.

The general rule is that where a conveyance is set aside as void to existing creditors, it inures to the benefit of all creditors, present and future. See Kehr v. Smith, 87 U. S.. 31, 36, and cases there cited; also

Ammon's App., 63 Pa. 284; Thomson v. Dougherty, 12 S. & R. 448. Therefore, the trial court did not err in charging the property in the hands of Mrs. Scott with the $4,000 existing indebtedness and the $9,000 liability which Scott incurred to plaintiff after the transfer.

The decree is affirmed and the appeal is dismissed at the cost of appellants.