# FEDERAL RESERVE BANK OF PHILADELPHIA v. ROULSTON et al.

## No. 6804.

Circuit Court of Appeals, Third Circuit.

Jan. 18, 1939.

Rehearing Denied March 28, 1939.

James S. Clifford, Jr., and MacCoy Brittian, Evans & Lewis, all of Philadelphia, Pa., for appellant.

Alexander Z. Brister, of Philadelphia, Pa., for appellees.

Before DAVIS, MARIS, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge.

This is an appeal from a decree for the defendants in a suit to set aside an alleged fraudulent conveyance by a husband of his real estate, without consideration, to vest himself and his wife as tenants by entireties. In such case the law of Pennsylvania is that where a husband has so conveyed his real estate to his wife, the burden is on the wife "to establish the validity of her title by clear and satisfactory evidence, beyond that required of other creditors: * * * a wife relying upon a gift from her husband must show that at the time his liabilities were not out of proportion to his assets." People's Savings & Dime Bank & Trust Co. v. Scott, 303 Pa. 294, 297, 154 A. 489, 490, 79 A.L.R. 129.

The question involved in the case is whether the wife has established the validity of her title by clear and satisfactory evidence beyond that required of other creditors. Tested by this standard, we are of opinion the wife has failed to establish the validity of her title.

Without discussing all the proofs, we note the conveyance by the husband was on March 9, 1933. At that date the husband was indebted to the Federal Reserve Bank, the appellant, on two notes on which judgment was subsequently obtained by the Bank. The proofs showed that at the date of the conveyance the husband owed the notes above mentioned amounting to $2,770. There was also an outstanding judgment against him of $1,000; an outstanding note of $200; and an indebtedness of about $100 to one Newland. These items of indebtedness aggregated $4,070. All of these were admitted by the husband except the judgment. As to this he admitted that it was not all paid, but offered no evidence as to the amount actually due. On the other hand, his assets at that time did not aggregate more than $3,650 in value and the evidence as to $925 of this was far from clear and satisfactory.

As to his reason for making the conveyance to his wife, the husband testified: "A. Because she always has been after me for about twenty years to have an interest in the home because if anything happened to me, the house would probably have to be sold and she would lose a good part of it, or she would have to raise money quickly."

From this it is quite apparent that the husband realized that in case of his death the property would be required to pay his debts, and the fair inference is that he conveyed the property in order to give it to his wife instead of applying it to his indebtedness.

Without detailing the proofs of what his assets at that time were, we limit ourselves to saying that the proofs adduced by the wife who paid no consideration for the property failed to measure up to the quality required by the cited case.

Such being the case, the judgment below is reversed and the record remanded with instructions to enter a decree in favor of the Federal Reserve Bank.