## First National Bank of Lock Haven *versus* Mason.

1. It is clearly against public policy to permit a bank that has received money from a depositor, credited him therewith upon its books and thereby entered into an implied contract to honor his check, to allege that the money deposited belongs to some one else. This may be done by an attaching creditor or by the true owner of the fund; but the bank is estopped by its own act.

2. In a suit by a depositor against a bank for the balance to his credit, the bank offered to prove that the depositor was the clerk of a firm, and that the money deposited was the money of the firm and was only deposited in the name of the depositor for the convenience of the firm, and that the depositor had so declared when he made the deposit. Also, to prove that said firm was indebted to the bank in excess of the deposit, in order that the bank might set off the indebtedness of the firm against the claim of the depositor: *Held*, that the evidence was properly rejected.

June 8th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Clinton county*: Of May Term 1880, No. 96.

Assumpsit by James D. Mason against the First National Bank of Lock Haven, to recover a balance of deposits to the credit of the plaintiff in said bank.

At the trial plaintiff produced and offered in evidence his bank book, wherein it appeared that he had made a number of deposits and drawn numerous checks, and that he had a balance to his credit of $1254.90. He then testified that he had drawn checks against this balance which had been dishonored, and that he had personally gone to the bank and made demand for said balance and been refused payment.

He also offered in evidence the following letter:

"Lock Haven, October 25th 1875.

" THOMAS & MASON, }
" JAS. D. MASON. }

"We charge your account with note Thomas & Mason $378.11, in favor of Kintzing & Zeller, which will be retained out of your funds deposited in the name of James D. Mason.

" Please do not issue any checks, as the balance to the credit of. J. D. Mason will be retained on account of bank claims.

"Yours, very respectfully,
"G. KINTZING, Cashier."

The defendant made the following offers:

Defendant offers to prove that the moneys deposited with the bank in the name of James D. Mason, the plaintiff, and for the recovery of which this suit has been instituted, was deposited by the plaintiff, who was the bookkeeper of Thomas & Mason at the time he deposited the same, and at the time of depositing the

14 NORRIS—8

said money he stated to G. Kintzing, the cashier of the defendant, that the said moneys thus deposited by him in his own name were, the moneys of Thomas & Mason, and that he deposited them in his own name for the reason that he might check the same out in the business of Thomas & Mason, on checks drawn in his own name; that there was a necessity of drawing checks in his own name from the fact that Thomas & Mason were absent so much, and that he had not power to sign checks in their name; that the plaintiff had deposited other moneys of Thomas & Mason in the same way with the defendant, to wit, in his own name previously, and had checked the money out thus deposited in the business of Thomas & Mason, on the checks of plaintiff drawn in his own name; that the money of Thomas & Mason was thus deposited with the defendant and checked out in the name of the plaintiff, with the knowledge and consent of Thomas & Mason, and was a course adopted for their convenience (paying their bills by checks drawn in the name of James D. Mason, the plaintiff, in their absence from home).

That Thomas & Mason kept their bank account with the defendant in the name of James D. Mason, for several months previous to October 25th 1875, when this suit was instituted by the plaintiff for the recovery of the balance standing to the credit of James D. Mason, and that the defendant's understanding from conversation had with James D. Mason, was that the money then standing to his credit, belonged to Thomas & Mason, and was not the money of the said plaintiff.

The defendant further offers to prove that James D. Mason did pay by checks in his own name out of the money deposited in his own name with the defendant, debts due from Thomas & Mason exceeding $1000, and did this by the express directions of Thomas & Mason, and took receipts for such payments on their account, in their receipt book in the presence of John S. Mason, one of the firm of Thomas & Mason.

The defendant further offers to prove that on and previous to October 25th 1875, Thomas & Mason were indebted to the defendant by two notes, one of which was for $2000 and the other $378.11, the aggregate of which two notes exceeded the amount of money belonging to Thomas & Mason standing on her books to their credit with their consent in the name of the plaintiff. This offered for the purpose of showing that the money claimed by the plaintiff in this suit belonged to Thomas & Mason at the time of the institution of this suit, and to whom it still belongs, and that the said Thomas & Mason were indebted to the defendant in an amount at the institution of this suit exceeding the amount thus claimed, and which sum the said Thomas & Mason still owe to the defendant.

Plaintiff objected to the offers for the following reasons:

1. Because the proposed testimony being offered by the defend-

[Bank v. Mason.]

ant, a depositee, for the purpose of defeating this action brought by a depositor to recover the amount actually deposited by him with the defendant, and by the defendant credited upon the books of the bank to him, is inadmissible, the said defendant being estopped in law from questioning the ownership of the depositor.  2. Because the ownership of the funds in question, or the indebtedness of the bank (defendant) to the depositor not being called in question, or claimed in any manner by a third party, cannot be appropriated by the bank as the property of a third party and applied without the consent of the depositor to the payment of debts due by a third party to said bank.  3. That in a suit by a depositor against a bank with whom he had deposited funds, which funds were actually placed to his credit on the books of the bank from time to time, and the said credit thus recognised by the bank, the said bank can not "set-off" notes or debts due by a third party to said bank against the claim of the plaintiff.  4. Because the testimony is irrelevant.

Objections sustained and offers overruled.  (1st assignment of error.)

The plaintiff being called, as for cross-examination, the defendant proposed to ask him the sources from which he derived the money deposited, for the purpose of showing that the true ownership of the money was in Thomas & Mason, and not in the plaintiff at the time of deposit.  Objected to on the ground that the bank could not question the ownership of the fund deposited.  Objection sustained and offer overruled.  (2d assignment.)

The court, Orvis, A. L. J., instructed the jury that if they believed a demand was made by the plaintiff, as he had testified, he was entitled to recover.  The verdict was for plaintiff, and after judgment thereon defendant took this writ, and alleged that the court erred in rejecting the above offers of evidence.

C. S. McCormick and Cline G. Furst, for plaintiff in error.—— The question is whether, in a case of moneys deposited in a bank in his own name by the bookkeeper of an insolvent firm and so deposited with their knowledge and consent and for their benefit, it is competent for the bank, the depositary, when the creditor of such firm, to prove the true ownership of such moneys for the purpose of defeating a suit brought therefor in the name of the bookkeeper.

A deposit of money in a bank creates no relation of trustee or quasi trustee, but the money deposited is simply loaned to the depositary—this the cases abundantly show : Bank of Northern Liberties v. Jones, 6 Wright 538.  A deposit may be shown to belong to a third person ; the credit given in the book for the same is nothing more than prima facie evidence of ownership : Arnold v. Macungie Savings Bank, 21 P. F. Smith 290 ; Stair v. York National Bank,

5 Id. 368; Farmers' and Mechanics' Nat. Bank *v.* King, 7 Id. 208 Against a depositor's balance a bank has the right of lien or set off for notes of the depositor past due: Morse on Banks and Banking 27, 34; Waterman on Set-off 143, 144; Reed *v.* Penrose, 12 Casey 235, and the authorities there cited. The court will search out the actual plaintiff and fix on him the responsibility of a party by subjecting him to a set off, where that may be necessary, to protect the defendant from loss: Armstrong *v.* Lancaster, 5 Watts 68. It is plainly taught by the authorities referred to that the true owner of a fund deposited by and in the name of his agent may maintain an action at law for the recovery of such property or fund, but in such suit the depositary has the right to detain because of lien or set off. And we submit when the suit chances to be in the name of the agent instead of the principal, that no valid reason can be assigned why, if the principal, the true owner of the fund, is the debtor of the depositary, the latter shall not be allowed to defeat such action by showing such ownership and indebtedness; and, moreover, with a denial of the right to make such proof, if the principal in such case be insolvent, the depositary must suffer irreparable loss. The possession of the agent being the possession of his principal; his acts being not his own, but the acts of his principal, it is equally difficult to see how the agent can recover by suit in his own name where his principal for the same cause of action cannot recover. A set off of Thomas & Mason's indebtedness lying in the way of a suit in their name, the suit is in the name of James D. Mason, their agent, but what will prevent a recovery by the former must defeat the action when it is, as here, by the latter; for there exists because of the system of rules and usages relating to banking, national, state or private, no " estoppel in law" that will help out such an enterprise.

*S. R. Peale*, for defendant in error.—As between the depositor and the bank, the latter has no right to refuse to pay checks of the depositor. The bank received the money as that of James D. Mason, and it was so deposited, and it was of no consequence what were his declarations at the time. And in all the cases cited by the plaintiff in error the plaintiff was the claimant to the ownership of the money. But certainly there is no authority for the position that in the absence of notice or claim by a third party the bank can set up an absolute title in a stranger to the plaintiff's deposit for the purpose of appropriating it to a note due by said stranger to the bank. The bank contracts with the depositor only, and to permit it to question his title to the fund deposited would destroy all banking and commercial transactions. The rightful owner of the fund as against the depositor might raise the question but not the bank: Jackson *v.* Bank of United States, 10 Barr 67; United States Bank *v.* Macalester, 9 Id. 481.

Mr. Justice PAXSON delivered the opinion of the court, June 19th 1880.

The plaintiff below brought his suit against the First National Bank of Lock Haven, to recover the amount of moneys he had deposited with said bank. The defendant offered to prove that the money deposited in the name of James D. Mason, the plaintiff, was, in fact, the money of the firm of Thomas & Mason, of which firm the plaintiff was a clerk; that the plaintiff had admitted at the time the deposits were made that the money belonged to said firm, and were placed in his name as a matter of convenience in paying small bills; and that the said Thomas & Mason were indebted to the said bank in excess of the amount standing on its books to the credit of the plaintiff. The bank claimed to set-off the indebtedness of Thomas & Mason against the claim of plaintiff in this suit. This evidence was rejected by the court below, and forms the subject of the first assignment of error.

Thomas & Mason made no claim to this money. The said firm having failed, the bank seeks to protect itself by setting up their title to the funds in question.

It is well settled that money deposited in a bank to the credit of A. may be shown to be the property of B. It may be reached by attachment on the part of the judgment-creditors of B., or its payment by the bank to A. may be stopped by a proper notice on the part of B. that the money belongs to him. The credit on the books of the bank is but prima facie evidence of ownership: Harrisburg Bank v. Tyler, 3 W. & S. 373; Frazier v. Erie Bank, 8 Id. 18; Jackson v. The Bank of the United States, 10 Barr 61; Bank of Northern Liberties v. Jones, 6 Wright 541; Stair v. York National Bank, 5 P. F. Smith 368; Arnold v. Macungie Savings Bank, 21 Id. 290. These were cases, however, in which the true owner set up a claim to the fund. We have here a very different question. The bank, the depositary, sets up an adverse title to defeat the suit of its own depositor. The bank held its claim against Thomas & Mason when the plaintiff made his deposits, and they knew, or at least they allege they knew when the deposits were made that the money so deposited in plaintiff's name belonged to said firm. Yet under these circumstances and with this knowledge they permitted the plaintiff to make the deposit in his own name. Having received it as the money of the plaintiff and given him credit therefor, the bank is estopped, in the absence of any notice from, or claim by the real owner, from disputing the plaintiff's title. Having received the money as the money of the plaintiff, they are bound to pay it to him or upon his order. Such a contract is implied from the fact of the deposit. In Jackson v. The Bank, supra, the funds in the bank to the credit of Warwick were attached. The bank paid the money to Warwick notwithstanding the attachment, and was held liable

[Bank *v.* Mason.]

therefor. It was said by Mr. Justice COULTER, in delivering the opinion of the court : " The first question that occurs is this : could the bank, if the attachment had not been served, have resisted the claim of Warwick to the money he had deposited with them ? They received it and the bills as his, entered them on their books as his, and were bound, in the absence of any attachment, to have paid the funds to him. How then were they placed in any better position by the service of the attachment ? The attaching-creditor stands in the place of Warwick. If they could not allege as against Warwick that the funds were not his, neither can they allege as against the attaching creditor that they are not his, and yet turn round and pay the money to Warwick to enable him to defeat his creditor."

. It is clearly against public policy to permit a bank that has received money from a depositor, credited him therewith upon its books, and thereby entered into an implied contract to honor his check to allege that the money deposited belonged to some one else. This may be done by an attaching-creditor or by the true owner of the fund, but the bank is estopped by its own act. A departure from this rule might lead to novel results and embarrass commercial transactions.

We are of opinion that the evidence referred to in the first and second assignments was properly rejected.

Judgment affirmed.