BRANDON *v.* INTERSTATE LIFE & ACCIDENT INS. CO. *et al.*[*]

(Division A.    March 12, 1928.)

[115 So. 888.    No. 26962.]

1. BANKS AND BANKING. *Where true owner asserts rights to bank deposit before repayment to depositor, depositor's right to receive money ceases.*

   Though relation of debtor and creditor is created when money is deposited in bank, where true owner of money asserts its rights thereto before bank repays money to depositor, depositor's right to receive money ceases.

2. GARNISHMENT. *Where insurance company owned eighty-three dollars and five cents of ninety dollars and ninety-seven cents deposited in bank by agent, and had claimed sum before garnishment, only seven dollars and ninety-two cents was subject to garnishment by agent's creditor.*

Where insurance company was owner of eighty-three dollars and five cents of ninety dollars and ninety-seven cents deposited in bank by agent for purpose of remitting same to insurance company, less his commission, and insurance company had claimed such sum before garnishment proceeding, the eighty-three dollars and five cents was not subject to garnishment by agent's creditor, but only balance of seven dollars and ninety-two cents was subject to garnishment, since attaching creditor has no better rights than depositor after true owner has claimed deposit.

*Corpus Juris-Cyc. References: Banks and Banking, 7CJ, p. 640, n. 83; Garnishment, 28CJ, p. 118, n. 93; As to right of bank to question depositor's title to deposit, see 3 R. C. L. 529; 5 R. C. L. Supp. 178.

APPEAL from circuit court of Lauderdale county.

HON. J. D. FATHEREE, Judge.

Action instituted in the county court by Miss Elizabeth Brandon against A. D. Zimmerman, defendant, with the Guaranty Bank & Trust Company of Meridian, as garnishee, in which the Interstate Life & Accident Insurance Company claimed part of funds garnished. On appeal to the circuit court, judgment awarding sum to claimant was affirmed, and plaintiff appeals. Affirmed.

*Currie & Amis,* for appellant.

The relationship between a bank and its depositors is that of simple debtor and creditor. *Moreland* v. *Peoples Bank,* 114 Miss. 203, 74 So. 828; 3 R. C. L. 519. Money deposited in a bank loses its identity and title becomes absolute in the bank. 3 R. C. L. 520. A writ of garnishment on a bank creates a lien on funds in favor of judgment creditors, second and subject only to the paramount lien of the bank for any amount due it. *Nashville Trust*

*Co.* v. *Nashville Fourth National Bank,* 91 Tenn. 336, 18 S. W. 822, 15 L. R. A. 710, 7 C. J. 656. As against an attaching creditor of the depositor, the putting of funds in a bank in his individual name constitutes the deposit of property of the depositor whose name it bears and prevents from motive of legal policy an explanation of its true character. *Coffin* v. *Bramlett,* 42 Miss. 209; *Jackson* v. *Bank,* 10 Barr. 61; *Hart* v. *Buckley,* 2 Edwards 70.

The proper rule governing funds garnished to which a claimant's issue is interposed is laid down in *Elzy* v. *Morrison,* 180 Ill. App. 711, in which the court holds that for purposes of garnishment a deposit *prima facie* belongs to the person in whose name it stands, and the general test as to whether or not the garnishment will succeed is—Is the deposit subject to the defendant's check, or could the defendant sue the bank therefor? *School District* v. *Zink,* 25 Wis. 636, has gone so far as to hold an administrator responsible for loss of funds deposited in his individual name, although he had no other funds in the bank and informed the officers of the bank at the time of making the deposit that the funds were held by him in trust. In *Cartwell* v. *Allart* (Ky.), 6 Bush, 482, it is held that if an agent makes an unauthorized deposit of funds, together with his own money in a common account with a bank, such deposit will be treated as a conversion of the funds. 28 C. J. 118.

*Bozeman & Cameron,* for appellees.

The substance of the appellant's contention is this: That when Zimmerman deposited the claimant's money in the bank to the credit of Zimmerman, that in some way this *ex parte* act of Zimmerman made the money applicable to the payment of Zimmerman's debt through the process of garnishment; that upon such deposit of this money the bank became indebted to Zimmerman, personally, and not to the true owner of the money, and

that the fund thereby became subject to garnishment in the hands of the bank by Zimmerman's creditor. We submit that this contention is unsound. *Farmers, etc., Nat. Bank* v. *King,* 57 Penn. St. 202, 98 Am. D. 215; *First National Bank* v. *Mason,* 95 Penn. St. 113, 40 Am. Rep. 632; *Hemphill* v. *Yerkes,* 132 Penn. St. 545, 19 A. S. R. 607; 5 Cyc. 520; 3 R. C. L., p. 529, sec. 158.

The principle for which we contend is sustained by this court in *Bank* v. *McPherson,* 102 Miss. 852, 59 So. 934. In this case Harper, special commissioner, had collected the proceeds of sale of land, and before confirmation of the sale deposited the money to his own credit in the bank. The bank, Harper having died, applied this deposit in payment of an indebtedness due by Harper to the bank. After confirmation of the sale, suit was brought by the persons entitled to the proceeds of sale against the bank for the money so collected and deposited by Harper. This court said: "Certain it is that Harper was not the owner of the check or the money after its collection, in his individual capacity. It follows, therefore, that the fund could not be taken by the creditors of Harper in payment of his debts, and it is equally certain that his bank could not place this fund to his individual credit, thus creating the relationship of debtor and creditor, between the bank and Harper, and thereby enabling him to misappropriate the money which he obtained in a fiduciary capacity. If the bank did this, with full notice of the fiduciary character of the funds, it is liable to the beneficiaries of the trust for the diversion of the fund."

Cook, J. The appellant, Miss Elizabeth Brandon, having recovered a judgment against A. D. Zimmerman, procured a writ of garnishment thereon to be served upon the Guaranty Bank & Trust Company of Meridian. In answer to the writ, the bank admitted that, at the time of the service of the writ of garnishment, it had in its possession the sum of ninety dollars and ninety-seven

cents to the credit of said Zimmerman personally, and
subject to his check, but stated that the garnishee was
informed that said money did not belong to Zimmerman,
but was the property of the Interstate Life & Accident
Insurance Company; that said insurance company had
claimed this sum of money; and the garnishee prayed
that the proceeding be stayed, and said insurance com-
pany summoned to appear and contest with appellant the
right to said money. The Interstate Life & Accident In-
surance Company appeared and propounded its claim to
said money, alleging that Zimmerman was the agent of
said company, whose duty it was, among other things,
to collect insurance premiums owing to the insurance
company and to safely keep and remit same in due course
to the company; that the ninety dollars and ninety-seven
cents on deposit in said bank was the sum of premiums
due to the insurance company which had been collected
by Zimmerman, its agent, for its account, and deposited
by him in said bank for safe-keeping until it could be re-
mitted to the company in due course; that out of said
sum Zimmerman was entitled to receive from the com-
pany seven dollars and ninety-two cents as commissions
on premiums, but the balance of said sum was the prop-
erty of the claimant, and not the property of Zimmer-
man, its agent, and was not subject to garnishment; and
prayed that eighty-three dollars and five cents of said
money be awarded to the claimant, and submitted to the
court the question as to whether or not the balance of
seven dollars and ninety-two cents was subject to gar-
nishment.

The testimony in the case is uncontroverted, and shows
that the ninety dollars and ninety-seven cents deposit to
the credit of Zimmerman was the sum of premiums col-
lected by him for the account of said insurance company,
and to be reported and remitted to the company weekly,
and that it was deposited by Zimmerman for the purpose
of remitting same to the insurance company, less seven

dollars and ninety-two cents the commission to which he was entitled, and that this was Zimmerman's usual method of handling and remitting such collections.

The county court entered judgment awarding to the claimant the sum of eighty-three dollars and five cents of said money, being the amount of the deposit, less Zimmerman's commission, and awarding to the plaintiff the commissions due Zimmerman. On appeal to the circuit court, this judgment was affirmed, and from this judgment of the circuit court, this appeal was prosecuted.

Upon the deposit of these funds in the bank to the personal credit of Zimmerman, as between the bank and the depositor, the relation of debtor and creditor was created, and, in the absence of any claim by the real owner of the funds, the bank could not dispute the title of the depositor, and was bound to honor his checks against said funds, and the funds would have been subject to garnishment to satisfy the depositor's debts; but, when the true owner of the money asserted its right thereto, before its repayment, the depositor's right to receive the money ceased, and the attaching creditor stood in no better position than the depositor. *Farmers' etc., Nat. Bank* v. *King*, 57 Pa. 202, 98 Am. Dec. 215; *First National Bank* v. *Mason*, 95 Pa. 113, 40 Am. Rep. 632; *Hemphill* v. *Yerkes*, 132 Pa. 545, 19 A. 342, 19 Am. St. Rep. 607; 3 R. C. L., section 158. In the case at bar, the testimony clearly shows that the claimant was the rightful owner of the amount awarded to it, and we think the judgment of the court below is correct.

The appellant relies principally upon a statement in the case of *Coffin* v. *Bramlitt*, 42 Miss. 194, 97 Am. Dec. 449, that:

"As against an attaching creditor of the depositor, the putting the funds in bank in his individual name constitutes the deposit the property of the depositor, whose name it bears, and prevents, from motives of legal policy, an explanation of its true character."

We think *Coffin* v. *Bramlitt, supra*, is clearly distinguishable from the case at bar. In that case, the rights of the true owner of a deposit were not involved, but the question was whether or not a depositor was personally liable for trust funds which he had comingled with his own funds and lost, and the court correctly held that:

"If the trustee deposits the trust funds in his own name, he mixes them with his own private funds, which always renders him liable in case of loss."

The judgment of the court below will be affirmed.

*Affirmed.*