TURNER *v.* NICHOLSON (FIRST NAT. BANK, GARNISHEE).*

(Division A. May 28, 1928.)

[117 So. 329. No. 27144.]

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 679, n. 35; Garnishment, 28CJ, p. 118, n. 89; p. 119, n. 16; As to applicability of deposits to individual indebtedness of depositor where word suggestive of fiduciary character is appended to his name, see annotation in 10 L. R. A. (N. S.) 706; 34 L. R. A. (N. S.) 1207; L. R. A. 1915A, pp. 715, 722; 12 R. C. L. 806; 2 R. C. L. Supp. 1488.

*J. M. Cashin,* for appellant.

*Humphreys & Anderson,* filed a suggestion and brief for the appellee, Bank, garnishee.

Argued orally by *J. M. Cashin,* for appellant.

COOK, J. On December 6, 1926, the appellant, O. J. Turner, obtained a judgment in the circuit court of Washington county, against the appellee, L. M. Nicholson, for six hundred dollars and costs; and, this judgment not having been paid and satisfied, the appellant, thereafter, upon a proper suggestion, secured the issuance and service of a writ of garnishment against the First National Bank of Greenville.

At the next regular term of the circuit court, the garnishee answered that it was indebted to L. M. Nicholson in the following manner: that is to say, there appeared on the books of said bank the following three accounts: First, L. M. Nicholson, to which there was no credit; second, L. M. Nicholson, chancery clerk, to which there was a credit of five thousand four hundred thirty-three

dollars and ninety-one cents; and, third, L. M. Nicholson, chancery clerk, guardian of L. M. Gilchrist, to which there was a credit of twenty-six dollars and three cents. In this answer the garnishee suggested that it was advised and believed that the defendant, Nicholson, would claim the debt of each of these accounts to be exempt from garnishment, levy, or sale.

The appellee, Nicholson, then filed his claim of exemption, alleging that the money credited to the account of L. M. Nicholson, chancery clerk, was exempt from garnishment, levy, or sale, because all of said money was public funds and trust money—no part of it belonging to him—and that the money credited to the account of L. M. Nicholson, guardian of L. M. Gilchrist, belonged to the estate of the said Gilchrist, and not to the appellee. The appellant demurred to so much of the claim as applied to the five thousand four hundred thirty-three dollars and ninety-one cents deposited to the credit of L. M. Nicholson, chancery clerk, on grounds that may be summarized as follows:

(1) That the claim of exemption is insufficient in substance and law to show that said money is exempt from garnishment, and does not show or state any facts tending to show that said money constituted public funds or trust money, and does not show the names of the persons to whom said money belonged, if it does not belong to the defendant.

(2) The addition of the words "chancery clerk" after the name of the defendant on such deposit account is merely *descriptio personae*, and imparts no notice to the garnishee, or to the creditors of said defendant that said money does not belong to the defendant.

(3) That, if it be true that said sum is a public fund and trust money, it is still subject to the garnishment, unless and until the same is claimed by the owner or owners thereof; and the right to claim the sum as exempt

from garnishment proceedings can only be asserted by the owner or owners of the money.

(4) That the said defendant having deposited said money with the garnishee to his own credit, public policy forbids him setting up the claim that he holds said money for another.

(5) That said plea, or claim of exemption, does not show any facts from which it can be inferred that said money does not belong to the defendant, or that he holds same as trustee for another, or for whom he holds it; and, even if it did, public policy forbids the court to receive such a suggestion from the defendant himself.

This demurrer was overruled, and the appellant having declined to plead further, a judgment was entered, holding that the sum admitted by the garnishee to be owing to the defendant, L. M. Nicholson, and deposited to his account in the name of L. M. Nicholson, chancery clerk, was exempt from garnishment, and discharging the garnishee, and, from this judgment, this appeal was prosecuted.

That the true owner of money deposited in the name of an individual, may, in a garnishment proceeding to subject said money to the depositor's debts, assert and maintain his right to said money, was held in the recent case of *Brandon* v. *Interstate Life & Accident Insurance Co.* (Miss.), 115 So. 888. And money deposited in a bank in the name of an individual, followed by the word "agent," "trustee," or other words showing that the depositor is acting as the representative, or fiduciary of a third person, cannot be garnished as funds of a depositor where it is proved that the depositor did not own funds, but was acting for another; but, if it is not proved that the depositor is not the owner of the deposit, he will be treated as owner, and the deposit may be garnished to pay his debt. However, the defense that such funds are held in a representative or fiduciary capacity cannot be asserted and maintained by the debtor himself without

disclosing the name of the true owner and his right to represent such owner; and a mere claim by the debtor that such funds are public or trust funds, without disclosing the true owner and facts showing the right of such debtor to represent such owner in asserting a claim to the funds, is insufficient to present such a defense. We think, therefore, that the demurrer to the claim filed by the defendant, Nicholson, should have been sustained.

The garnishee, the First National Bank, has filed in this cause a suggestion or statement of certain facts that have occurred since the trial of this cause in the court below, and has requested us to take cognizance of such matters. We can only consider the record as filed in this court; and the rights of the garnishee, if any, arising out of the facts or matters occurring since the trial in the court below, must be presented in that court.

For the reason herein indicated, the judgment of the court below will be reversed, and the cause remanded.

*Reversed and remanded.*