Braley v. The First National Bank of Ellwood City, Pennsylvania, Appellant.

Argued April 21, 1932.

Before Trexler, P. J., Gawthrop, Cunning-
ham, Baldrige, Stadtfeld and Parker, JJ.

*Randall B. Luke,* for appellant.

*Clarence A. Patterson,* and with him *J. Clyde Gil-
fillan* of *Gilfillan and Patterson,* for appellee.

Opinion by Gawthrop, J., July 14, 1932:

This is a sheriff's interpleader proceeding to de-
termine the ownership of certain property claimed by
plaintiff, but taken in execution as the property of her
husband, W. H. Braley, The jury found that plaintiff
owned all of the property with the exception of two
items which they valued at $13, the verdict being for
defendant in that amount. Defendant appeals.

Plaintiff and her husband reside in Ellwood City.

W. H. Braley and Kile Boyer operated an automobile and garage business in that city for several years prior to January, 1928. On that date Braley, according to the testimony of L. L. Gelbach, cashier of the defendant bank, sold his "interest in the partnership" to Boyer and others for $7,500. Gelbach testified further that Braley was paid by the purchasers with checks drawn on the Citizens National Bank of Ellwood City, payable to W. H. Braley, and that Braley endorsed the checks to his wife and "deposited them in her account January 16, 1928," with defendant bank. It is undisputed that plaintiff had an account with defendant in the name of Mrs. W. H. Braley as early as 1924. On July 31, 1926, the bank loaned Braley and Boyer $8,500 on their joint note which, on March 28, 1929, had been reduced to $6,429. Between that date and April 30, 1930, the indebtedness on this note had been reduced to $6,300, for which the bank held a renewal note dated April 30, 1930, payable thirty days after date. On June 3, 1930, the bank entered judgment against Kile Boyer and W. H. Braley on this note and issued an execution, and the sheriff levied upon certain household goods and a Willys-Knight automobile as the property of W. H. Braley. Plaintiff filed with the sheriff her claim for most of the goods levied upon. At the trial of this interpleader proceeding which followed, it was established beyond question that most of the articles levied upon, including the automobile, were paid for by check drawn by her on her account in defendant bank. There was evidence which warranted a finding that plaintiff owned some of the articles levied upon before she was married, that she purchased some of them with money which she had earned and saved before her marriage, and that some of them were given to her by her husband. The trial judge submitted to the jury the question of ownership of all the articles except those which were bought and paid for by plaintiff by checks drawn upon her own account in defend-

ant bank. As to the latter articles he held that the bank was estopped from questioning plaintiff's title to them because they were purchased by her with checks drawn upon a deposit carried by her in her own name in defendant bank.

The first contention made in appellant's brief and, according to the statement of the trial judge in his opinion, the only contention made below in support of the motion for a new trial is that error was committed in holding that the bank was estopped from questioning plaintiff's title to the goods purchased by plaintiff with checks drawn on her account in the bank. The court below based its ruling on Bank v. Mason, 95 Pa. 113, and certain later cases in which the rule adopted in that case was followed, namely, Citizens National Bank v. Alexander, 120 Pa. 476, and Patterson v. Marine National Bank, 130 Pa. 419.

In Bank v. Mason, supra, the suit was brought by the depositor against the bank to recover the amount of moneys he had with the bank. The question in the case was whether the bank which had received the deposit of money belonging to B in the name of A, where no claim to the money was presented to it on the part of B or any one else, could refuse to pay out the money to A and set up the ownership of B for its own benefit. It was decided that the relationship between the bank and the depositor, in the circumstances of the case, compelled the bank to honor the drafts drawn upon it by its depositor. The Supreme Court said: "The bank, the depositary, sets up an adverse title to defeat the suit of its own depositor. The bank held its claim against Thomas & Mason when the plaintiff made his deposits, and they knew, or at least they alleged they knew, when the deposits were made that the money so deposited in plaintiff's name belonged to said firm. Yet, under these circumstances, and with this knowledge, they permitted the plaintiff to make the deposit in his own name. Having received it as

the money of the plaintiff and given him credit therefor, the bank is estopped in the absence of any notice from, or claim by, the real owner from disputing the plaintiff's title. Having received the money as the money of the plaintiff, they are bound to pay it to him or upon his order. Such a contract is implied from the fact of the deposit ...... It is clearly against public policy to permit a bank that has received money from a depositor, credited him therewith upon its books, and thereby entered into an implied contract to honor his check, to allege that the money deposited belonged to some one else. This may be done by an attaching creditor or by the true owner of the fund, but the bank is estopped by its own act. A departure from this rule might lead to novel results and embarrass commercial transactions.''

In our opinion the court below fell into error in holding that the present case is ruled by Bank v. Mason. Here the bank is not refusing to honor plaintiff's drafts, nor disputing her title to the deposit. It is merely questioning her ownership of property purchased with part of that money. The relationship of banker and depositor, in respect to any part of the deposit which she withdrew, ended with such withdrawal. As to it, the bank was not estopped from attaching it, nor from levying upon property purchased with it, as the property of the real owner. It follows that harmful error was committed in charging the jury that the bank was estopped from disputing the title of the plaintiff to the goods paid for by checks drawn on her account in defendant bank.

The only other question which requires discussion is whether the trial judge fell into error in charging the jury as to the burden of proof resting on plaintiff in respect to the solvency of her husband when he made to her the gifts other than the $7,500. The court charged that as to this ''it would be for you to say whether at the time those articles were given to

her, whether or not her husband was solvent at that time," and that "before a gift by Mr. Braley to his wife can be attacked by a creditor it must affirmatively appear that Mr. Braley was actually in debt at the time of the particular gift." Defendant was entitled to more favorable instruction than this. The rule is that where the husband is in debt at the time of the transfer the burden is upon the wife to show his solvency, or that she paid full consideration: Peoples Savings & Dime Bank & Trust Co. v. Scott, 303 Pa. 294. In a contest between a married woman and her husband through creditors to decide the ownership of property, the burden is on her to show her ownership to such property by clear and satisfactory evidence: Cameron v. People's Bank of Maytown, 297 Pa. 551.

The judgment is reversed and a new trial awarded.