Morrison, Appellant, *v.* Marks et ux.

Argued October 8, 1936.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and
RHODES, JJ.

*Samuel Finestone,* with him *W. Horace Hepburn, Jr.,*
for appellant.

*Alexander Fried,* with nim *Clinton A. Sowers,* for
appellee.

OPINION BY PARKER J., January 29, 1937:

This was an interpleader issue in which the court
below refused to grant plaintiff's motion to take off
a nonsuit entered by the trial judge. A recital of the
facts shown on the trial will be sufficient to demon-
strate the error of the court below.

William E. Morrison recovered a judgment against
Martin Marks and issued an attachment execution
summoning the Philadelphia Savings Fund Society as
garnishee with notice that a savings account standing
in the name of Anna Marks, wife of Martin Marks, was

in fact the property of the husband. The wife claimed the amount of the account as her own property, and the bank asked that she be interpleaded. An issue was framed and $550 was paid into court, Morrison being made plaintiff therein and Anna Marks the defendant.

A nonsuit having been granted, the evidence must be viewed for the purposes of this appeal in a light most favorable to the plaintiff. So considering the evidence, it showed that Martin Marks owned a garage business which he sold to Carl J. Saalbach about October 2, 1934, receiving from Saalbach as part of the consideration a check for $1,843.18, payable to Martin Marks. On the same day the check was deposited to the credit of Anna Marks in the garnishee bank. No withdrawals were made from this account until after the attachment was served.

The facts shown by the plaintiff cast upon the defendant in the interpleader, Anna Marks, as wife of the defendant in the original judgment, the burden of showing that the account was her property. No attempt was made so to do; consequently, the trial judge erred in entering a nonsuit. The books are full of cases sustaining this position. "The burden of proof was upon her and she was bound to sustain her title by the quality of proof required of a married woman who sets up title to property derived from her husband, as against his creditors. ...... It has been uniformly held whenever the question has been raised, that the wife must establish her title by a higher degree or quality of proof than is required of a stranger": *Taylor v. Paul*, 6 Pa. Superior Ct. 496, 499, 500. She must prove her title "by clear and satisfactory evidence": *Hoar v. Axe*, 22 Pa. 381. It must be sufficient to repel all adverse presumptions and exclude reasonable suspicion that the property was the husband's: *Tripner v. Abrahams*, 47 Pa. 220; *Earl v. Champion*, 65 Pa. 191.

A solvent husband may make a gift to his wife, "but

where the husband is in debt at the time of the transfer the burden is upon the wife to show his solvency, or that she paid full consideration": *Peoples Sav. & Dime Bank & T. Co. v. Scott,* 303 Pa. 294, 297, 154 A. 489; also see *Braley v. First Nat. Bank,* 105 Pa. Superior Ct. 418, 423, 161 A. 485. "The moment the claims of creditors appear as covering the period of acquisition of the property, the obligation is cast on her to make good her claim": *Cameron v. Peoples' Bank of Maytown,* 297 Pa. 551, 559, 147 A. 657.

There is no merit in the contention of appellee that the fundamental rules we have cited are not in point because the plaintiff in the execution was made the plaintiff in the interpleader. In *Taylor v. Paul,* supra, and in *Jack v. Kintz,* 177 Pa. 571, 35 A. 867, the wife was the defendant just as in the present case. The plaintiff's motion to take off the nonsuit should have been granted.

Judgment reversed and a new trial is granted.