## Heltzel's Estate

*Richard W. Lins,* executor, p. p.
*Alvin L. Little,* for exceptant John W. Heltzel.
*Reiley & Reiley,* for exceptant Martha Heltzel.

WRIGHT, P. J., March 29, 1945.—This matter comes before the orphans' court upon exceptions to the report of the auditor in the estate of William E. Heltzel, deceased. The widow, Martha Heltzel, elected to take against decedent's will, and the net estate is to be distributed equally between the widow and John H. F. Heltzel, a son of decedent by a prior marriage. Richard W. Lins, Esq., a member of the Bedford County Bar, was named by decedent as his executor, and Mr. Lins acted as his own attorney in the settlement of the estate. He allowed himself $870.77 commission as executor, and in addition an attorney's fee of $665. John H. F. Heltzel has excepted to these charges as excessive and unreasonable.

So far as the commissions are concerned, the gross amount accounted for by the executor was $17,858.45.

The rate of calculation is approximately five percent, and this is the usual allowance to a fiduciary for handling personal estate: Stafford's Estate, 152 Pa. Superior Co. 551. The exceptant in the present case has not furnished us with any sufficient ground for complaint.

Consideration of the exception as to the attorney's fee is not a pleasant duty. An executor who is a member of the bar and acts as his own attorney in the settlement of an estate is entitled to pay for his legal services on the basis of what they are worth: Griffith's Estate, 96 Pa. Superior Ct. 242. No proof whatever was offered on this subject, and the auditor did not definitely determine the question. When Judge Reno of the Superior Court was on the Lehigh County bench, he was confronted with a remarkably similar situation in Hottenstein's Estate, 6 D. & C. 464, 469. We feel that his decision in that case presents a proper solution of the difficulty. He said in part as follows:

"Exceptions were also filed against the allowance to the executor of attorney fees in the sum of $360. The auditor, without taking any evidence, dismissed the exception. This is error. Attorney fees do not prove themselves, and when they are challenged by exceptions, proof of the character and value of the service must be submitted to the auditor. . . . In Myers's Estate, 253 Pa. 537, it is suggested that attorney's fees may be fixed by the court, or, as was done in that case, the court may appoint an auditor to hear the testimony and fix the fee in the first instance. But it is not suggested that either court or auditor may fix a fee without being advised by testimony of the nature and amount of the service rendered or of the value of such service. . . .

"In these circumstances, we must adopt as the standard of value the measure provided by the members of the bar in the enactment of the minimum fee bill. We do not mean to imply that the minimum fee bill is

always the proper standard; for, conceivably, it may in instances provide an excessive as well as an inadequate fee. After all, the fee is to be based upon the value of the service rather than upon the value of the estate. But, in the absence of testimony of the value of the service, we can consider only the value of the estate. Taking that value at $5510, . . . the counsel fees, according to the minimum fee bill, are $200. The fifth exception is sustained, and counsel fees are allowed in the sum stated."

The minimum fee bill of the Bedford County Bar Association provides for a charge of $350 in an estate of $18,000. Following the reasoning of Judge Reno, we must reduce the fee to that amount. John H. F. Heltzel has also excepted to the auditor's action in allowing the executor a further fee of $50 for appearing before the auditor. Sessions of the audit were held on three separate days. The auditor was peculiarly qualified to fix the amount of this allowance. We do not propose to interfere with his considered judgment in the matter.

Two other exceptions were filed. Martha Heltzel has excepted to the action of the auditor in surcharging the executor with the proceeds of the sale of certain cattle. John H. F. Heltzel has excepted to the auditor's refusal to surcharge the executor with the value of certain store goods. At the time of argument we raised the question of jurisdiction of the orphans' court to determine ownership of personal property. In Moyer's Estate, 341 Pa. 402, the Supreme Court laid down the following rule: If the property in question was in the decedent's possession at the time of his death or thereafter came into the possession of the executor as part of the estate, the jurisdiction of the orphans' court attaches; provided however that, if a substantial dispute as to ownership is shown to exist, the orphans' court must submit that issue to the common pleas court for jury trial. The orphans' court then makes dispo-

sition of the property on the basis of the verdict so found. If the property in question was not in the decedent's possession at the time of his death and did not thereafter come into the hands of his executor, the orphans' court has no jurisdiction. In such event an independent action must be instituted in the court of common pleas. See also Brown's Estate, 343 Pa. 230.

So far as the cattle are concerned, it was proved that some were purchased by decedent, and all were on decedent's farm and were being attended to by decedent at the time of his death. The executor paid bills for caring for the cattle out of the estate funds. We are clearly of the opinion, therefore, that the orphans' court has jurisdiction. Furthermore, we do not feel that Martha Heltzel has raised a substantial dispute as to title. No evidence whatever was produced that she owned the cattle. Her claim is based upon a mere assertion unsupported by proof. Consequently, there is nothing for a jury to pass upon. The Superior Court has pointed out in Balok's Estate, 151 Pa. Superior Ct. 592, that it would be absurd for the orphans' court to refer an issue to the common pleas under such circumstances.

On the other hand, it is equally clear that the orphans' court has no jurisdiction so far as the store goods are concerned. These goods were owned by Martha Heltzel prior to her marriage to decedent, and she owned the store building in which the goods were located. Personal property owned by a wife at the time of her marriage is presumed to continue her property after marriage: Musser v. Gardner, 66 Pa. 242. Chief Justice Jeremiah S. Black, a former President Judge of the Orphans' Court of Bedford County, ruled in Hoar v. Axe, 22 Pa. 381, that as between a wife and her husband possession or use of personal property is no evidence of title. Even though a wife may allow her husband during his lifetime to sell her personal property and deposit the proceeds to his own account,

it does not necessarily follow that such practice would continue indefinitely or that the personal property in question should be considered as belonging to the husband's estate in the event of his death: Logan's Estate, 74 Pa. Superior Ct. 82.

### Decree

Now, to wit, March 29, 1945, the third exception filed by John H. F. Heltzel is sustained to the extent of reducing the fee for legal services from $665 to $350. All the other exceptions are dismissed. As thus modified, the auditor's report is confirmed absolutely.